FILE COPY

Judge Berman

07 CV 3786

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT f/k/a THE NEW YORK STATE DEPARTMENT OF COMMERCE ECONOMIC DEVELOPMENT, an official agency within the administrative offices of the State of New York, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL NNAMDI STEWART, an individual and MOSAYK, INC., a North Carolina corporation <br><br> Defendants. | CIV. ACTION NO.: <br><br> MAY 1 4 2007 <br><br> **COMPLAINT AND** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff New York State Department of Economic Development ("NYSDED" or "Plaintiff") hereby files this Complaint against Defendants Michael Nnamdi Stewart and Mosayk, Inc. (collectively "Defendants") on personal knowledge as to NYSDED's own activities and on information and belief as to the activities of others:

### THE PARTIES

1. NYSDED is an official agency within the administrative offices of the State of New York, having an address at 30 South Pearl Street, 6th floor, Albany, NY 12245.

2. Defendant Michael Nnamdi Stewart ("Stewart") is, upon information and belief, an individual residing at 4649 Vendue Range Drive, Raleigh, North Carolina 27604.

3. Mosayk, Inc. ("Mosayk") is, upon information and belief, a North Carolina corporation owned by Stewart with a principle place of business at 4649 Vendue Range Drive, Raleigh, North Carolina 27604.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to sections 15 U.S.C. § 1071(b)(1), which provide that a party dissatisfied with a final decision of the TTAB may institute a new civil proceeding challenging such decision.

5. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and declaratory judgment jurisdiction pursuant to 28 U.S.C. § 2201.

6. Defendants are a residents of North Carolina doing business within the state of New York. Venue is proper within this judicial district under 28 U.S.C. § 1391(b).

## NATURE OF THE ACTION

7. This action seeks *de novo* review, pursuant to 15 U.S.C. § 1071(b), of an administrative decision by the Trademark Trial and Appeal Board of the United States Patent and Trademark Office (the "TTAB") in a trademark opposition proceeding brought by NYSDED entitled *New York State Department of Economic Development v. Michael Nnamdi Stewart*, Opposition No. 91162024 (the "Opposition"). By Order dated March 13, 2007 (the "Order"), the TTAB dismissed the Opposition of NYSDED and permitted the registration of the Stewart's I♥NC trademark (the "Infringing Mark") which is the subject of Stewart's U.S. Trademark Application Serial No. 78243227 ( "Stewart's Application").

8. NYSDED's Opposition was based on Section 2(d) of the Lanham Act, 15 U.S.C.§ 1052(d) and alleged that the Infringing Mark, when used as a trademark for

clothing identified in International Class 25 is likely to cause confusion, or to cause mistake, or to deceive consumers as to an affiliation, connection or association between NYSDED and Defendants, or as to the origin, sponsorship, or approval of Defendants' goods, services or other commercial activities.

9. The Opposition was also based on the grounds that the trademarks of NYSDED (defined below as the "NYSDED Marks") are of sufficient fame and reputation among consumers so that when Defendants' Mark is used in connection with the services set forth in the Application, a false connection with NYSDED and/or the NYSDED marks will be presumed by consumers.

10. The TTAB found that Plaintiff failed to properly enter its exhibits into the record and, therefore, failed to establish the NYSDED Marks had priority over the Infringing Mark. As such, the TTAB never reached the issue of likelihood of confusion.

11. NYSDED seeks an Order of this Court: (1) reversing the TTAB Order which dismissed the Opposition; (2) sustaining the Opposition and dismissing Stewart's Application; (3) enjoining Defendants' from further use of the Infringing Mark; (4) finding Defendants liable for (a) trademark infringement under 15 U.S.C. § 1114, (b) trademark dilution under 15 U.S.C. § 1125(c), (c) common law trademark infringement, and (d) common law unfair competition.

## BACKGROUND FACTS

**The NYSDED Trademarks and Products**

1. NYSDED is the owner of the entire right, title and interest in and to, *inter alia*, the following federally-registered trademarks and/or service marks:

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 1555836 | I ♥ NY (heart with vertical lines) | T-shirts, gloves, hats, jackets, sportshirts, sweaters, scarves, sweatshirts, and shoes |
| 2431705 | I ♥ NY (heart with vertical lines) | Traveling bags, tote bags, drawstring pouches, all purpose sports bags, cosmetic bags sold empty, umbrellas, parasols and walking sticks |
| 2765228 | I ♥ NY (heart with US flag) | Promoting the economic development of New York state |
| 1558379 | I ♥ NY (horizontal, solid heart) | Promoting the state of New York as a tourist attraction and enhancing its economic development |
| 2765227 | I ♥ NY (horizontal, heart with US flag) | Promoting the economic development of New York state |
| 2769939 | ♥ NY (solid heart) | Promoting the economic development of New York state |
| 2788008 | NY ♥ (heart with vertical lines) | Promoting the economic development of New York state |

2. Annexed hereto as <u>Exhibit A</u> are true and correct copies of printouts from the U.S.P.T.O. website evidencing NYSDED's ownership of these trademarks. All of the registrations set forth in Exhibit A are valid, subsisting, unrevoked and uncancelled. Additionally, many of these registrations are incontestable. NYSDED also owns common law rights in the above and other marks. These registered and common law trademarks are collectively referred to as the "NYSDED Marks."

3. NYSDED was created to promote travel and tourism in the state of New York.

4. Since 1977, NYSDED, directly and through its predecessors, licensees, and marketing partners, has been engaged in the sale of a wide spectrum of goods and services under the NYSDED marks, including, but not limited to, advertising and licensing in commerce related to New York State travel and tourism ("NYSDED Products").

5. The NYSDED Marks have become synonymous with the state of New York and its various attractions, commercial markets, entertainment venues, and inviting atmosphere.

6. For many years, and long prior to Defendants' filing his application, NYSDED has used the NYSDED Marks in interstate commerce throughout the United States and in connection with a variety of goods and services in printed and paper products, apparel, jewelry, toys, advertising, and multimedia fields.

7. NYSDED has expended substantial amounts of time, effort, and money in advertising and promoting its goods and services under the NYSDED Marks. As a result, consumers, potential consumers, and the general public have come to associate and identify the NYSDED Marks with NYSDED and NYSDED derives substantial goodwill from such identification.

8.  As a result of NYSDED's advertising and promotional activities, the NYSDED Marks have become famous, both in the United States and throughout the world.

**Defendants' Activities**

9.  Defendant sells products, including but not limited to t-shirts, hats, jackets, track suits, sweatshirts, tank tops, sportshirts, bags, mousepads, magnets, infantwear, and bibs ("Defendants' Products"), bearing the Infringing Mark, a mark confusingly similar to NYSDED's Marks

10. Defendants' Products are available for sale via an online store located at http://mskstore.com.

11. On April 29, 2003, with full knowledge of the famous NYSDED Marks, Defendant filed a trademark registration application for the Infringing Mark for use in connection with "[c]lothing, namely, t-shirts, shirts, slacks, jeans, jackets, sweaters, caps, parkas, shorts, jogging suits, sweat suits, vests, neckties, leisure suits, rainwear, scarf's [sic], sport coats, cheerleading tops and cheerleading skirts, sleepwear, underwear, socks, athletic jerseys, shorts, hats, visors, leather jackets, suede jackets, belts, footwear."

12. The Infringing Mark, as it is currently being used and as Stewart defines its use in the Application, is likely to cause confusion as to the relationship between NYSDED and Defendants' Products.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement under 15 U.S.C. § 1114)**

13. NYSDED realleges and incorporates by reference the allegations above.

14. The NYSDED Marks and the goodwill of the businesses associated with them in the United States and throughout the world are of great and significant value, are highly distinctive and arbitrary, and have become universally associated in the public mind with the state of New York and its various attractions, commercial markets, entertainment venues, and inviting atmosphere

15. Defendants have manufactured, distributed, advertised, marketed, and offered for sale and/or sold Defendants' Products to the consuming public in competition with NYSDED, in or affecting interstate commerce.

16. The use of the Infringing Mark is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendants' Products, and is likely to lead the public to believe that Defendants' Products and the Infringing Mark originate from, are associated with or are otherwise authorized by NYSDED, all to the damage and detriment of NYSDED's reputation, goodwill and sales.

17. As a direct and proximate result of Defendants' conduct, NYSDED has suffered damage to their valuable NYSDED Marks, and other damages in an amount to be proved at trial.

18. NYSDED does not have an adequate remedy at law, and will continue to be damaged by the use of the Infringing Mark unless this Court enjoins Defendants from such use.

## SECOND CLAIM FOR RELIEF

**(Trademark Dilution Under 15 U.S.C. § 1125(c))**

19. NYSDED realleges and incorporates by reference the allegations above.

20. NYSDED' Marks are "famous marks" worldwide within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1) as a result of NYSDED's continuous and exclusive use of the NYSDED Marks. NYSDED Marks became famous marks prior to Defendants' use of the Infringing Mark.

21. Defendants have used and continue to use marks confusingly similar to the NYSDED Marks on or in connection with the distribution, advertising, offer for sale and/or sale of Defendants' Products.

22. The use in commerce of Defendants' Products dilutes, blurs, tarnishes, and/or whittles away the distinctiveness of the NYSDED Marks.

23. As a direct and proximate result of Defendants' conduct, NYSDED have suffered damage to their valuable NYSDED Marks and other damages in an amount to be proved at trial.

24. NYSDED does not have an adequate remedy at law, and will continue to be damaged by the use of the Infringing Mark unless this Court enjoins Defendants from such use.

### THIRD CLAIM FOR RELIEF

#### (Common Law Trademark Infringement)

25. NYSDED realleges and incorporates by reference the allegations above.

26. As a result of the experience, care, and service of NYSDED in producing and providing the NYSDED Products, the NYSDED Products have become widely known and have acquired a worldwide reputation for excellence. Moreover, the NYSDED Marks have become associated with the NYSDED Products, and have come to symbolize the reputation for quality and excellence of the NYSDED Products.

27. Defendants' use of the Infringing Mark have caused and continue to cause confusion as to the source and/or sponsorship of Defendants' Products.

28. As a direct and proximate result of Defendants' conduct, NYSDED has suffered damage to their valuable NYSDED Marks, and other damages in an amount to be proved at trial.

29. NYSDED does not have an adequate remedy at law, and will continue to be damaged by the use of the Infringing Mark unless this Court enjoins Defendants from such use.

## FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

30. NYSDED realleges and incorporates by reference the allegations above.

31. As a result of the experience, care, and service of NYSDED in producing and providing the NYSDED Products, the NYSDED Products have become widely known and have acquired a worldwide reputation for excellence. Moreover, the NYSDED Marks have become associated with the NYSDED Products, and have come to symbolize the reputation for quality and excellence of the NYSDED Products.

75. Defendants' acts have and continue to mislead and deceive the public as to the source of Defendants' Products and falsely suggest a connection with NYSDED. Therefore, Defendants have committed unfair competition in violation of state common law.

32. As a direct and proximate result of Defendants' conduct, NYSDED have suffered damage to their valuable the NYSDED Marks, and other damages in an amount to be proved at trial.

33. NYSDED does not have an adequate remedy at law, and will continue to be damaged by the use of the Infringing Mark unless this Court enjoins Defendants from such use.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court to enter judgment:

1. reversing the TTAB Order, dated March 13, 2007, which dismissed NYSDED's opposition and permitted registration of, the Infringing Mark;

2. sustaining NYSDED's Opposition;

3. ordering that Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be

enjoined and restrained, at first during the pendency of this action and, thereafter, permanently:

    a) from using in any manner the Infringing Mark or in combination with any word or words which so resemble the NYSDED Marks as to be likely to cause confusion, deception, or mistake

    b) from further diluting and infringing the NYSDED Marks

    c) from otherwise competing unfairly with PEI or any of its authorized licensees in any manner; and

3. ordering that Defendants be required to deliver up to NYSDED any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in the possession of Defendants or under their control bearing the Infringing Mark;

4. ordering that Defendants be required to deliver up for destruction their entire inventory of said products bearing the Infringing Mark;

5. ordering that Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon NYSDED a written report under oath setting forth in detail the manner in which Defendants have complied with paragraphs 2 through 4, *supra*;

6. finding Defendants liable for

    (a) trademark infringement under 15 U.S.C. § 1114,

    (b) trademark dilution under 15 U.S.C. § 1125(c),

    (c) common law trademark infringement,

    (d) common law unfair competition;

7. ordering that Defendants account for and pay over to NYSDED all profits realized by Defendants for infringement of NYSDED's registered and common law trademarks;

8. ordering that NYSDED be awarded actual damages in an amount to be determined at trial;

9. ordering that NYSDED be awarded reasonable attorneys' fees and costs; and

10. ordering that NYSDED have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth under Sections 34-39 of the 1946 Trademark Act and/or state statutory law.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, NYSDED demands a jury trial on all triable issues that are raised by this Complaint.

Dated: May 14, 2007

Respectfully submitted,

GREENBERG TRAURIG LLP

By: _____
G. Roxanne Elings (GE 8321)
David Saenz (DS 1976)
MetLife Building
200 Park Avenue, 34th Floor
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

Attorneys for Plaintiff