UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT f/k/a THE NEW YORK STATE DEPARTMENT OF COMMERCE ECONOMIC DEVELOPMENT, an official agency within the administrative offices of the State of New York, | : : : : : : : : | **CIV. ACTION NO.:** <br><br> **07 CV 03786 (RMB)** |
| Plaintiff, | : : : | **[PROPOSED] FINAL JUDGMENT UNDER DEFAULT AND ORDER FOR REVERSAL OF T.T.A.B. DECISION, PERMANENT INJUNCTION, DAMAGES, AND AWARD OF ATTORNEYS' FEES AND COSTS** |
| v. | : : : : | |
| MICHAEL NNAMDI STEWART, an individual and MOSAYK, INC., a North Carolina corporation | : : : | |
| Defendants. | : : : | |

Plaintiff New York State Department of Economic Development ("NYSDED") having

duly served a Complaint upon Defendants Michael Nnamdi Stewart and Mosayk, Inc.

(collectively "Defendants") alleging federal and common law trademark infringement, federal

trademark dilution, and common law unfair competition; and Defendants having failed to file an

answer or otherwise respond to the Complaint; and upon the Declaration of Daniel I. Schloss,

dated July 3, 2007 and all of the exhibits attached thereto, and upon all proceedings heretofore

had herein, and after reviewing the arguments and evidence of the Plaintiffs:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.      The March 13, 2007 Order of the Trademark Trial and Appeal Board of the

United States Patent and Trademark Office in the opposition proceeding entitled *New York State*

*Department of Economic Development v. Michael Nnamdi Stewart*, Opposition No. 91162024 is

reversed.

2.      The opposition brought by NYSDED entitled *New York State Department of*

*Economic Development v. Michael Nnamdi Stewart*, Opposition No. 91162024 is sustained.

3.     U.S. Trademark Application Serial No. 78243227, filed by Defendant Michael Nnamdi Stewart, is refused.

4.     Judgment for the NYSDED is entered against Defendants as to federal and common law trademark infringement, federal trademark dilution, and common law unfair competition

5.     Defendants, their corporate parents, subsidiaries, directors, officers, agents, servants, employees, representatives, confederates, and affiliates and any other persons or entities acting in concert or participation with them, are permanently enjoined and restrained from:

(a)     Using the NYSDED Marks (as defined in the Complaint dated May 14, 2007) or any reproduction, counterfeit, copy, or colorable imitation of the NYSDED Marks, including the Infringing Mark (as defined in the Complaint) in connection with the manufacture, importation, exportation, trans-shipment, distribution, advertising, promotion, offer for sale and/or sale of apparel or other items that are not NYSDED Products (as defined in the Complaint), including Defendants' Products (as defined in the Complaint), or in any manner likely to cause purchasers or prospective purchasers to believe that Defendants' Products are connected with NYSDED, or are NYSDED Products; and

(b)     Passing off, inducing, or enabling others to sell or pass off any apparel or other items that are not NYSDED Products as or for products connected with NYSDED or for NYSDED Products; and

(c)     Committing any other acts that will cause purchasers or prospective purchasers to believe Defendants' Products are connected with NYSDED or are NYSDED Products unless they are such; and

(d)     Importing, exporting, manufacturing, shipping, delivering, holding for sale, offering for sale, selling, distributing, returning, transferring and/or otherwise moving or disposing of in any manner apparel or other items falsely bearing one or more of the NYSDED Marks, or any reproduction, counterfeit, copy, or colorable imitation of same, including the Infringing Mark; and

(e)     Further diluting and infringing the NYSDED Marks and damaging NYSDED's goodwill; and

2

(f)    Otherwise competing unfairly with NYSDED or any of its authorized licensees in any manner; and

(g)    Assisting, aiding, or abetting any other person or business entity, in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (f).

6.    Defendants are to deliver up to NYSDED any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in the possession of Defendants or under their control bearing the Infringing Mark.

7.    Defendants are to deliver up for destruction their entire inventory of products bearing the Infringing Mark.

8.    Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, are to file with the Court and serve upon NYSDED a written report under oath setting forth in detail the manner in which Defendants have complied with paragraphs 5 through 7, *supra*.

9.    Defendants are to account for and pay over to NYSDED all profits realized by Defendants for infringement of the NYSDED Marks.

10.    NYSDED is to be awarded reasonable attorneys fees associated with this lawsuit, as well as costs pursuant to Local Civil Rule 54.1. NYSDED is to submit attorneys' fees and costs to the Court.

11.    NYSDED is to have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth under Sections 34-39 of the 1946 Trademark Act and/or state statutory and common law.

12.    This Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Order.

SO ORDERED.

Dated: July ____, 2007

By:_____
Honorable Richard M. Berman
United States District Judge

3