UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT f/k/a THE NEW YORK STATE DEPARTMENT OF COMMERCE ECONOMIC DEVELOPMENT, an official agency within the administrative offices of the State of New York, | CIV. ACTION NO.: <br><br> 07 CV 03786 (RMB) |
| Plaintiff, | **AFFIDAVIT OF DANIEL I. SCHLOSS IN SUPPORT OF ORDER TO SHOW CAUSE** |
| v. | |
| MICHAEL NNAMDI STEWART, an individual and MOSAYK, INC., a North Carolina corporation | |
| Defendants. | |

I, Daniel I. Schloss, being duly sworn, hereby state that:

1.     I am an attorney for Plaintiff New York State Department of Economic Development ("NYSDED") in the above-captioned action.

2.     NYSDED filed a Complaint against the Defendants Michael Nnamdi Stewart and Mosayk, Inc. (collectively "Defendants") on May 14, 2007. A copy of the Complaint is attached as Exhibit A.

3.     The Complaint was served upon Defendant Michael Nnamdi Stewart on May 15, 2007. A copy of the Affidavit of Service is attached hereto as Exhibit B.

4.     The Complaint was served upon Defendant Mosayk, Inc. on May 21, 2007. A copy of the Affidavit of Service is attached hereto as Exhibit C.

5.     Defendants filed a Motion for Dismissal with the Court on May 30, 2007. Judge Berman denied this motion *sua sponte* on June 1, 2007 and ordered that the parties appear at a conference before him on June 22, 2007. A copy of the Defendants' Motion for Dismissal and Judge Berman's order is attached as Exhibit D.

6.    I appeared before the Court on June 22, 2007, but Defendants failed to appear at the scheduled conference or to otherwise respond to the Complaint following Judge Berman's denial of Defendants' Motion for Dismissal.

7.    NYSDED filed an Application to the Clerk of the Court for Entry of Default and for a Certificate of Default against Defendants June 29, 2007. A copy of the Application for Entry of Default is attached as Exhibit E.

8.    J. Michael McMahon, Clerk of the Court, signed and stamped a Clerk's Certificate on July 2, 2007 stating that Defendants did not answer or otherwise move with respect to the Complaint. A copy of the Clerk's Certificate is attached as Exhibit F.

9.    Defendants are not infants, in the military, or incompetent persons.


_____
Daniel I. Schloss

DATED: July 3, 2007


Sworn to and subscribed
before me this 3rd day
of July, 2007


_____

HEATH B. KUSHNICK
Notary Public, State of New York
No. 02KU6016400
Qualified in New York County
Commission Expires December 27, 20 10

# Exhibit A

Judge Berman

**FILE COPY**

07 CV 3786

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT f/k/a THE NEW YORK STATE DEPARTMENT OF COMMERCE ECONOMIC DEVELOPMENT, an official agency within the administrative offices of the State of New York,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL NNAMDI STEWART, an individual and MOSAYK, INC., a North Carolina corporation<br><br>Defendants. | **CIV. ACTION NO.:**<br><br>MAY 1 4 2007<br><br>**COMPLAINT AND**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff New York State Department of Economic Development ("NYSDED" or "Plaintiff") hereby files this Complaint against Defendants Michael Nnamdi Stewart and Mosayk, Inc. (collectively "Defendants") on personal knowledge as to NYSDED's own activities and on information and belief as to the activities of others:

### THE PARTIES

1.      NYSDED is an official agency within the administrative offices of the State of New York, having an address at 30 South Pearl Street, 6th floor, Albany, NY 12245.

2.      Defendant Michael Nnamdi Stewart ("Stewart") is, upon information and belief, an individual residing at 4649 Vendue Range Drive, Raleigh, North Carolina 27604.

3.    Mosayk, Inc. ("Mosayk") is, upon information and belief, a North Carolina corporation owned by Stewart with a principle place of business at 4649 Vendue Range Drive, Raleigh, North Carolina 27604.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction pursuant to sections 15 U.S.C. § 1071(b)(1), which provide that a party dissatisfied with a final decision of the TTAB may institute a new civil proceeding challenging such decision.

5.    This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and declaratory judgment jurisdiction pursuant to 28 U.S.C. § 2201.

6.    Defendants are a residents of North Carolina doing business within the state of New York. Venue is proper within this judicial district under 28 U.S.C. § 1391(b).

## NATURE OF THE ACTION

7.    This action seeks *de novo* review, pursuant to 15 U.S.C. § 1071(b), of an administrative decision by the Trademark Trial and Appeal Board of the United States Patent and Trademark Office (the "TTAB") in a trademark opposition proceeding brought by NYSDED entitled *New York State Department of Economic Development v. Michael Nnamdi Stewart*, Opposition No. 91162024 (the "Opposition"). By Order dated March 13, 2007 (the "Order"), the TTAB dismissed the Opposition of NYSDED and permitted the registration of the Stewart's I♥NC trademark (the "Infringing Mark") which is the subject of Stewart's U.S. Trademark Application Serial No. 78243227 ("Stewart's Application").

8.    NYSDED's Opposition was based on Section 2(d) of the Lanham Act, 15 U.S.C.§ 1052(d) and alleged that the Infringing Mark, when used as a trademark for

2

clothing identified in International Class 25 is likely to cause confusion, or to cause mistake, or to deceive consumers as to an affiliation, connection or association between NYSDED and Defendants, or as to the origin, sponsorship, or approval of Defendants' goods, services or other commercial activities.

9.    The Opposition was also based on the grounds that the trademarks of NYSDED (defined below as the "NYSDED Marks") are of sufficient fame and reputation among consumers so that when Defendants' Mark is used in connection with the services set forth in the Application, a false connection with NYSDED and/or the NYSDED marks will be presumed by consumers.

10.    The TTAB found that Plaintiff failed to properly enter its exhibits into the record and, therefore, failed to establish the NYSDED Marks had priority over the Infringing Mark. As such, the TTAB never reached the issue of likelihood of confusion.

11.    NYSDED seeks an Order of this Court: (1) reversing the TTAB Order which dismissed the Opposition; (2) sustaining the Opposition and dismissing Stewart's Application; (3) enjoining Defendants' from further use of the Infringing Mark; (4) finding Defendants liable for (a) trademark infringement under 15 U.S.C. § 1114, (b) trademark dilution under 15 U.S.C. § 1125(c), (c) common law trademark infringement, and (d) common law unfair competition.

## BACKGROUND FACTS

### The NYSDED Trademarks and Products

1.    NYSDED is the owner of the entire right, title and interest in and to, *inter alia*, the following federally-registered trademarks and/or service marks:

3

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 1555836 | I ♥ NY | T-shirts, gloves, hats, jackets, sportshirts, sweaters, scarves, sweatshirts, and shoes |
| 2431705 | I ♥ NY | Traveling bags, tote bags, drawstring pouches, all purpose sports bags, cosmetic bags sold empty, umbrellas, parasols and walking sticks |
| 2765228 | I ♥ NY | Promoting the economic development of New York state |
| 1558379 | I ♥ NY | Promoting the state of New York as a tourist attraction and enhancing its economic development |
| 2765227 | I ♥ NY | Promoting the economic development of New York state |
| 2769939 | ♥ NY | Promoting the economic development of New York state |
| 2788008 | NY ♥ | Promoting the economic development of New York state |

2.     Annexed hereto as <u>Exhibit A</u> are true and correct copies of printouts from the U.S.P.T.O. website evidencing NYSDED's ownership of these trademarks. All of the registrations set forth in Exhibit A are valid, subsisting, unrevoked and uncancelled. Additionally, many of these registrations are incontestable. NYSDED also owns common law rights in the above and other marks. These registered and common law trademarks are collectively referred to as the "NYSDED Marks."

3.     NYSDED was created to promote travel and tourism in the state of New York.

4.     Since 1977, NYSDED, directly and through its predecessors, licensees, and marketing partners, has been engaged in the sale of a wide spectrum of goods and services under the NYSDED marks, including, but not limited to, advertising and licensing in commerce related to New York State travel and tourism ("NYSDED Products").

5.     The NYSDED Marks have become synonymous with the state of New York and its various attractions, commercial markets, entertainment venues, and inviting atmosphere.

6.     For many years, and long prior to Defendants' filing his application, NYSDED has used the NYSDED Marks in interstate commerce throughout the United States and in connection with a variety of goods and services in printed and paper products, apparel, jewelry, toys, advertising, and multimedia fields.

7.     NYSDED has expended substantial amounts of time, effort, and money in advertising and promoting its goods and services under the NYSDED Marks. As a result, consumers, potential consumers, and the general public have come to associate and identify the NYSDED Marks with NYSDED and NYSDED derives substantial goodwill from such identification.

5

8.      As a result of NYSDED's advertising and promotional activities, the NYSDED Marks have become famous, both in the United States and throughout the world.

**Defendants' Activities**

9.      Defendant sells products, including but not limited to t-shirts, hats, jackets, track suits, sweatshirts, tank tops, sportshirts, bags, mousepads, magnets, infantwear, and bibs ("Defendants' Products"), bearing the Infringing Mark, a mark confusingly similar to NYSDED's Marks

10.     Defendants' Products are available for sale via an online store located at http://mskstore.com.

11.     On April 29, 2003, with full knowledge of the famous NYSDED Marks, Defendant filed a trademark registration application for the Infringing Mark for use in connection with "[c]lothing, namely, t-shirts, shirts, slacks, jeans, jackets, sweaters, caps, parkas, shorts, jogging suits, sweat suits, vests, neckties, leisure suits, rainwear, scarfs [sic], sport coats, cheerleading tops and cheerleading skirts, sleepwear, underwear, socks, athletic jerseys, shorts, hats, visors, leather jackets, suede jackets, belts, footwear."

12.     The Infringing Mark, as it is currently being used and as Stewart defines its use in the Application, is likely to cause confusion as to the relationship between NYSDED and Defendants' Products.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement under 15 U.S.C. § 1114)

13.     NYSDED realleges and incorporates by reference the allegations above.

14.     The NYSDED Marks and the goodwill of the businesses associated with them in the United States and throughout the world are of great and significant value, are highly distinctive and arbitrary, and have become universally associated in the public mind with the state of New York and its various attractions, commercial markets, entertainment venues, and inviting atmosphere

6

15.    Defendants have manufactured, distributed, advertised, marketed, and offered for sale and/or sold Defendants' Products to the consuming public in competition with NYSDED, in or affecting interstate commerce.

16.    The use of the Infringing Mark is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendants' Products, and is likely to lead the public to believe that Defendants' Products and the Infringing Mark originate from, are associated with or are otherwise authorized by NYSDED, all to the damage and detriment of NYSDED's reputation, goodwill and sales.

17.    As a direct and proximate result of Defendants' conduct, NYSDED has suffered damage to their valuable NYSDED Marks, and other damages in an amount to be proved at trial.

18.    NYSDED does not have an adequate remedy at law, and will continue to be damaged by the use of the Infringing Mark unless this Court enjoins Defendants from such use.

## SECOND CLAIM FOR RELIEF

### (Trademark Dilution Under 15 U.S.C. § 1125(c))

19.    NYSDED realleges and incorporates by reference the allegations above.

20.    NYSDED' Marks are "famous marks" worldwide within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1) as a result of NYSDED's continuous and exclusive use of the NYSDED Marks.  NYSDED Marks became famous marks prior to Defendants' use of the Infringing Mark.

21.    Defendants have used and continue to use marks confusingly similar to the NYSDED Marks on or in connection with the distribution, advertising, offer for sale and/or sale of Defendants' Products.

7

22.    The use in commerce of Defendants' Products dilutes, blurs, tarnishes, and/or whittles away the distinctiveness of the NYSDED Marks.

23.    As a direct and proximate result of Defendants' conduct, NYSDED have suffered damage to their valuable NYSDED Marks and other damages in an amount to be proved at trial.

24.    NYSDED does not have an adequate remedy at law, and will continue to be damaged by the use of the Infringing Mark unless this Court enjoins Defendants from such use.

### THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

25.    NYSDED realleges and incorporates by reference the allegations above.

26.    As a result of the experience, care, and service of NYSDED in producing and providing the NYSDED Products, the NYSDED Products have become widely known and have acquired a worldwide reputation for excellence.  Moreover, the NYSDED Marks have become associated with the NYSDED Products, and have come to symbolize the reputation for quality and excellence of the NYSDED Products.

27.    Defendants' use of the Infringing Mark have caused and continue to cause confusion as to the source and/or sponsorship of Defendants' Products.

28.    As a direct and proximate result of Defendants' conduct, NYSDED has suffered damage to their valuable NYSDED Marks, and other damages in an amount to be proved at trial.

29.    NYSDED does not have an adequate remedy at law, and will continue to be damaged by the use of the Infringing Mark unless this Court enjoins Defendants from such use.

## FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

30.    NYSDED realleges and incorporates by reference the allegations above.

31.    As a result of the experience, care, and service of NYSDED in producing and providing the NYSDED Products, the NYSDED Products have become widely known and have acquired a worldwide reputation for excellence.  Moreover, the NYSDED Marks have become associated with the NYSDED Products, and have come to symbolize the reputation for quality and excellence of the NYSDED Products.

75.    Defendants' acts have and continue to mislead and deceive the public as to the source of Defendants' Products and falsely suggest a connection with NYSDED. Therefore, Defendants have committed unfair competition in violation of state common law.

32.    As a direct and proximate result of Defendants' conduct, NYSDED have suffered damage to their valuable the NYSDED Marks, and other damages in an amount to be proved at trial.

33.    NYSDED does not have an adequate remedy at law, and will continue to be damaged by the use of the Infringing Mark unless this Court enjoins Defendants from such use.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court to enter judgment:

1.    reversing the TTAB Order, dated March 13, 2007, which dismissed NYSDED's opposition and permitted registration of, the Infringing Mark;

2.    sustaining NYSDED's Opposition;

3.    ordering that Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be

enjoined and restrained, at first during the pendency of this action and, thereafter, permanently:

a)    from using in any manner the Infringing Mark or in combination with any word or words which so resemble the NYSDED Marks as to be likely to cause confusion, deception, or mistake

b)    from further diluting and infringing the NYSDED Marks

c)    from otherwise competing unfairly with PEI or any of its authorized licensees in any manner; and

3.    ordering that Defendants be required to deliver up to NYSDED any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in the possession of Defendants or under their control bearing the Infringing Mark;

4.    ordering that Defendants be required to deliver up for destruction their entire inventory of said products bearing the Infringing Mark;

5.    ordering that Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon NYSDED a written report under oath setting forth in detail the manner in which Defendants have complied with paragraphs 2 through 4, *supra*;

6.    finding Defendants liable for

(a)    trademark infringement under 15 U.S.C. § 1114,

(b)    trademark dilution under 15 U.S.C. § 1125(c),

(c)    common law trademark infringement,

(d)    common law unfair competition;

10

7.    ordering that Defendants account for and pay over to NYSDED all profits realized by Defendants for infringement of NYSDED's registered and common law trademarks;

8.    ordering that NYSDED be awarded actual damages in an amount to be determined at trial;

9.    ordering that NYSDED be awarded reasonable attorneys' fees and costs; and

10.   ordering that NYSDED have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth under Sections 34-39 of the 1946 Trademark Act and/or state statutory law.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, NYSDED demands a jury trial on all triable issues that are raised by this Complaint.

Dated:  May 14, 2007                    Respectfully submitted,

                                        GREENBERG TRAURIG LLP

                                        By: _____

                                        G. Roxanne Elings (GE 8321)
                                        David Saenz (DS 1976)
                                        MetLife Building
                                        200 Park Avenue, 34th Floor
                                        New York, NY 10166
                                        Telephone: (212) 801-9200
                                        Facsimile: (212) 801-6400

                                        Attorneys for Plaintiff

11

# Exhibit B

NO. 460    P.2

 **Demovsky Lawyer Service**
Premier Nationwide Document Retrieval
and Process Service Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NEW YORK STATE DEPARTMENT OF
ECONOMIC DEVELOPMENT f/k/a
THE NEW YORK STATE DEPARTMENT
OF COMMERCE ECONOMIC DEVELOPMENT,
an official agency within the administrative offices of
the State of New York

                Plaintiff,                              Case No. 07 CV 3786
                                                       (Judge Berman)

                -against-                                AFFIDAVIT OF SERVICE

MICHAEL NNAMDI STEWART,
an individual and MOSAYK, INC.,
a North Carolina Corporation.

                Defendants.
------------------------------------------------------------------X
STATE OF NORTH CAROLINA   )
                           S.S.:
COUNTY OF WAKE            )

_Pauline Purvis_ , being duly sworn, deposes and says that he/she is
over the age of eighteen years, is an agent of the attorney service, D.L.S., Inc., and is not a party
to this action.

      That on the 15th day of May, 2007, at approximately the time of _6:42pm_
deponent served a true copy of the SUMMONS IN A CIVIL CASE; COMPLAINT AND
DEMAND FOR JURY TRIAL (WITH EXHIBIT A); INDIVIDUAL PRACTICES OF HON.
RICHARD M. BERMAN; INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE GABRIEL
W. GORENSTEIN; AND ELECTRONIC FILING INSTRUCTIONS upon MICHAEL
NNAMDI STEWART at 4649 Vendue Range Drive, Raleigh, NC, by personally delivering and
leaving the same with his girlfriend/co-tenant, _Daphinie Faulkner_ , a person of
suitable age and discretion at that address, the actual place of residence. At the time of service,
deponent asked whether MICHAEL NNAMDI STEWART is in active military service for the
United States of America or for the State in any capacity whatever or dependent upon a person in
active military service and received a negative reply.

D.L.S., Inc.
401 Broadway
Ste 510
NY, NY 10013
212-925-1220
www.dlsny.com

NO. 460    P.3

  **Demovsky Lawyer Service**
Premier Nationwide Document Retrieval
and Process Service Company

Daphinie Faulkner is a Blk Female , approximately 25-30 years of age, stands approximately 5' feet 5" 8" inches tall, weighs approximately 140 - 160 pounds with Blk hair.

_(signature)_
PROCESS SERVER

Sworn to before me this
25 day of May, 2007

_(signature)_
NOTARY PUBLIC
My Comm expp 1/19/2010

_(notary seal: ALICE W. PENNY, NOTARY PUBLIC, WAKE COUNTY, N.C.)_

D.L.S., Inc.
401 Broadway
Ste 510
NY, NY 10013
212-925-1220
www.disny.com

  **Demovsky Lawyer Service**
Premier Nationwide Document Retrieval
and Process Service Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NEW YORK STATE DEPARTMENT OF
ECONOMIC DEVELOPMENT f/k/a
THE NEW YORK STATE DEPARTMENT
OF COMMERCE ECONOMIC DEVELOPMENT,
an official agency within the administrative offices of
the State of New York

        Plaintiff,

       -against-

MICHAEL NNAMDI STEWART,
an individual and MOSAYK, INC.,
a North Carolina Corporation.

        Defendants.
------------------------------------------------------------------X
STATE OF NEW YORK     )
         S.S.:
COUNTY OF NEW YORK   )

Case No. 07 CV 3786
(Judge Berman)

AFFIDAVIT OF MAILING

       HOWARD D. GOLDMAN, being duly sworn, deposes and says that he is over the age of eighteen years, is an employee of the attorney service, D.L.S., Inc., and is not a party to this action.

       That on the 25th day of May, 2007, deponent served a true copy of the SUMMONS IN A CIVIL CASE; COMPLAINT AND DEMAND FOR JURY TRIAL (WITH EXHIBIT A); INDIVIDUAL PRACTICES OF HON. RICHARD M. BERMAN; INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE GABRIEL W. GORENSTEIN; AND ELECTRONIC FILING INSTRUCTIONS upon MICHAEL NNAMDI STEWART, by first class mail, by enclosing a true copy thereof in a securely sealed and postpaid wrapper with the words "PERSONAL AND CONFIDENTIAL" written on the same envelope, and not indicating on the outside that it is from an attorney or concerns an action against the person to be served, and depositing the same into an

  **Demovsky Lawyer Service**
Premier Nationwide Document Retrieval
and Process Service Company

official depository maintained by the Government of the United States, City and State of New

York, addressed as follows:


MICHAEL NNAMDI STEWART
4649 Vendue Range Road
Raleigh, NC 27604


HOWARD D. GOLDMAN
#932192


Sworn to before me this
25th day of May, 2007

NOTARY PUBLIC

JONATHAN T. RIPPS
Notary Public, State of New York
NO. 01RI6109718
Qualified in Rockland County
Certificate Filed in New York County
Commission Expires May 17, 20___

# Exhibit C

MAY.25.2007  3:11PM  DLS, INC.                                    NO.460    P.4

 **Demovsky Lawyer Service**
Premier Nationwide Document Retrieval
and Process Service Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X

NEW YORK STATE DEPARTMENT OF
ECONOMIC DEVELOPMENT f/k/a
THE NEW YORK STATE DEPARTMENT
OF COMMERCE ECONOMIC DEVELOPMENT,
an official agency within the administrative offices of
the State of New York

        Plaintiff,

        -against-

MICHAEL NNAMDI STEWART,
an individual and MOSAYK, INC.,
a North Carolina Corporation.

        Defendants.
----------------------------------------------------X

Case No. 07 CV 3786
(Judge Berman)

AFFIDAVIT OF SERVICE

STATE OF NORTH CAROLINA  )
          S.S.:
COUNTY OF WAKE         )

_Pauline Purvis_ , being duly sworn, deposes and says that ~~he~~/she is over the age of eighteen years, is an agent of the attorney service, D.L.S., Inc., and is not a party to this action.

That on the 21st day of May, 2007, at approximately the time of _12:42 pm_ deponent served a true copy of the SUMMONS IN A CIVIL CASE; COMPLAINT AND DEMAND FOR JURY TRIAL (WITH EXHIBIT A); INDIVIDUAL PRACTICES OF HON. RICHARD M. BERMAN; INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE GABRIEL W. GORENSTEIN; AND ELECTRONIC FILING INSTRUCTIONS upon MOSAYK, INC. c/o North Carolina Secretary of State at 2 South Salisbury Street, Raleigh, NC, by personally delivering and leaving the same with _Redonno Casmon_ who informed deponent that    holds the position of Agent with that company and is authorized by appointment to receive service at that address.

D.L.S., Inc.
401 Broadway
Ste 510
NY, NY 10013
212-925-1220
www.dlsny.com

MAY.25.2007    3:11PM    DLS, INC.                                    NO.456    P.5



# Demovsky Lawyer Service
Premier Nationwide Document Retrieval
and Process Service Company

_Radonno Casmon_ is a BlK Male , approximately 30 years of age, stands approximately 5' feet 7" inches tall, weighs approximately 190 pounds with BlK hair.

_____
PROCESS SERVER

Sworn to before me this
25 day of May, 2007

_____
NOTARY PUBLIC
my comm. exp 1/19/2010



D.L.S., Inc.
401 Broadway
Ste 510
NY, NY 10013
212-925-1220
www.dlsny.com

# Exhibit D

CASE NUMBER:
07 CV 3786

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

NEW YORK STATE DEPARTMENT OF
ECONOMIC DEVELOPMENT f/k/a THE
NEW YORK STATE DEPARTMENT OF
COMMERCE ECONOMIC
DEVELOPMENT,
an official agency within the administrative
offices of the State of New York,

Plaintiff,

v.

MICHAEL NNAMDI STEWART, an
individual and MOSAYK, INC., a North
Carolina corporation

Defendants,





### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the
following parties in this matter (CASE NUMBER: 07 CV 3786), by U.S. First Class
mail, postage prepaid, this 30th day of May 2007.

Michael Nnamdi Stewart

4649 Vendue Range Drive

Raleigh, North Carolina 27604

*Served Upon:*

New York State Department of Economic

Greenberg Traurig LLP

Attorneys for Plaintiff

200 Park Avenue, 34th Floor

New York, NY 10166

Defendants motion to dismiss is
denied without prejudice as NOT
in accordance with Court Rules.
Also, a corporation may not proceed
pro se normally. MR Stewart may wish
to return counsel +/or confer with
Court pro se office. Conference will be

SO ORDERED:
Date: 6/1/07    Richard M. Berman
                Richard M. Berman, U.S.D.J.

held on 6/22/07 @ 9:30 at 500
Pearl Street (in person).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/1/07

BEFORE JUDGE BERMAN

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT f/k/a THE NEW YORK STATE DEPARTMENT OF COMMERCE ECONOMIC DEVELOPMENT, an official agency within the administrative offices of the State of New York, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL NNAMDI STEWART, an individual and MOSAYK, INC., a North Carolina corporation <br><br> Defendants, <br> "Pro Se Defendant" | CIV. ACTION NO: <br><br> **07CV   3786** |

Defendant, Michael Nnamdi Stewart, having an address at 4649 Vendue Range Drive, Raleigh, North Carolina 27604, is responding to New York State Department of Economic Development (NYSDED), f/k/a the New York State Department of Commerce, hereinafter referred to as Plaintiff, Complaint and Demand for Jury Trial:

## MOTION FOR DISMISSAL

1. Defendant, Michael Nnamdi Stewart ("Pro Se" Defendant) in response to the New York State Department of Economic Development ("Plaintiff), please may the Court accept this written filing into the case.

2. There are no grounds for Mosayk, Inc being a named party to these proceedings:

    (a) Mosayk, Inc no longer exist in name as a corporation and,

    (b) The trademark filed for "I ♥ NC" is in Michael Nnamdi Stewart's name alone.[1]

---

[1] Trademark Applications and Registrations Retrieval (TARR) http://tarr.uspto.gov/; Input Serial Number: 78243227

BEFORE JUDGE BERMAN

3.  Plaintiff is attempting to have the United States District Court Southern District of New York, overturn the decision of the Trademark Trail and Appeal Board of the United States Patent and Trademark Office (the "TTAB") to dismiss Opposition number 91162024.[2]

### GROUNDS CAPABLE OF RESOLUTION WITHOUT TRIAL

4.  Plaintiff still has not established evidence ascertaining registration of their exclusive rights to the phrase and/or logo "I Love" and/or "I♥." Plaintiff could not provide such evidence because the United States Patent and Trademark Office has allowed other mark similar to the plaintiff's mark(s) to be registered prior and no unfavorable results have harmed the plaintiff's mark(s) or their financial goodwill.[3] Notably there were approvals for a Registration for I ♥ NEW YORK PIZZA, granted on December 7th, 1999 and two Principal Registrations for I ♥ SB, granted on September 27th, 2005 and November 15th, 2005.[4]

5.  Defendant admits the I ♥ NY mark is synonymous with the state of New York, but plaintiff did not prove the I ♥ NC mark is synonymous with the state of New York or its program to promote travel and tourism. The plaintiff has never clearly established how these legal proceeding benefits the taxpayers of the State of New York or how the defendant is using the I ♥ NC mark to make the public believe the plaintiff's and defendant's marks are related.

---

[2] [View Attached (17 pages) Decision to Opposition No. 91162024 before Seeherman, Administrative Trademark Judge.]

[3] Registration Numbers: 2297518; 2982434; 1294522; 1828516; 2416975; 2788215; 1319495; 2321795; 2524339; 1234075, etc.

[4] Registration Numbers: 2982434; 3001095; 3014967

BEFORE JUDGE BERMAN

## GROUNDS FOR DISMISSAL OF CIVIL ACTION

6. Defendant denies the claims of "There is a Likelihood of Confusion between the
   Parties' Marks" because plaintiff's mark is used "ornamentally on goods."
   Trademark laws protect works when they are used to identify a product or service;
   plaintiff is trying to only protect the aesthetics of the work as if it was a copyright.

7. Defendant promotes his trademark products, so the public clearly knows the origin
   of the merchandise and never has the defendant associated the I ♥ NC mark with
   the plaintiff's mark(s).

8. Plaintiff does not own the phrase "I LOVE," which no entity solely possesses or
   should ever be able to own because it is *public domain* and the First Amendment
   protects the right to parody.[5]

9. Plaintiff should abandon all notions of:

   a. Trademark infringement,

   b. Trademark dilution,

   c. Common law trademark infringement,

   d. Common law unfair competition;

10. Plaintiff's complaint is an effort to needlessly protect their mark(s) from a non-
    competitor, trying to force the United States District Court Southern District of
    New York, to set a precedent in overturning the Trademark Trail and Appeal
    Board of the United States Patent and Trademark Office's ruling without cause.

---

[5] "BRAND BATTLES: New York ♥ It's Trademark" from Business Week Magazine, July 2005.
Link: http://www.businessweek.com/magazine/content/05_29/c3943008_mz003.htm

BEFORE JUDGE BERMAN

## DEMAND FOR DIRECT VERDICT

11. WEREFORE, Defendant request that this Court upholds the Trademark Trail and
Appeal Board of the United States Patent and Trademark Office's judgement to
"DISMISS" opposition number 91162024 and denying the Plaintiff from any and
all course(s) for dispute, jury trial, and claims for relief.[6]

Dated: May 30, 2007

Respectfully Submitted,

Michael N. St

Michael Nnamdi Stewart
Citizen of the United States of America

---

[6] http://ttabvue.uspto.gov/ttabvue/

# Exhibit E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT f/k/a THE NEW YORK STATE DEPARTMENT OF COMMERCE ECONOMIC DEVELOPMENT, an official agency within the administrative offices of the State of New York, | : : : : : : : | **CIV. ACTION NO.:**<br><br>**07 CV 03786 (RMB)** |
| Plaintiff, | : : | **PLAINTIFF'S APPLICATION TO THE CLERK OF THE COURT FOR ENTRY OF DEFAULT AND CERTIFICATE OF DEFAULT** |
| v. | : : | |
| MICHAEL NNAMDI STEWART, an individual and MOSAYK, INC., a North Carolina corporation | : : : : | |
| Defendants. | : | |

Pursuant to Rule 55(a) the Federal Rules of Civil Procedure and Local Civil Rule 55.1, Plaintiff New York State Department of Economic Development ("NYSDED"), through its undersigned counsel, hereby applies to the Clerk of the Court for Entry of Default and for a Certificate of Default against Defendants Michael Nnamdi Stewart and Mosayk, Inc. (collectively "Defendants").

In view of the present application and accompanying Affidavit, NYSDED

respectfully requests that the Clerk enter default and issue a certificate of default against
Defendants.

Dated:  June 29, 2007                        Respectfully submitted,

                                              **GREENBERG TRAURIG, LLP**

                                              By: _____

                                              G. Roxanne Elings (GE 8321)
                                              Daniel I. Schloss (DS 7373)
                                              David Saenz (DS 1976)
                                              MetLife Building
                                              200 Park Avenue, 34th Floor
                                              New York, NY 10166
                                              Telephone: (212) 801-9200
                                              Facsimile: (212) 801-6400

                                              Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT f/k/a THE NEW YORK STATE DEPARTMENT OF COMMERCE ECONOMIC DEVELOPMENT, an official agency within the administrative offices of the State of New York, | : : : : : : : : | **CIV. ACTION NO.:** <br><br> **07 CV 03786 (RMB)** |
| Plaintiff, | : : : | **AFFIDAVIT OF DANIEL I. SCHLOSS IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT AND CERTIFICATE OF DEFAULT** |
| v. | : | |
| MICHAEL NNAMDI STEWART, an individual and MOSAYK, INC., a North Carolina corporation | : : : : | |
| Defendants. | : | |

I, Daniel I. Schloss, being duly sworn, hereby state that:

1.    I am an attorney for Plaintiff New York State Department of Economic Development ("NYSDED") in the above-captioned action.

2.    NYSDED filed a Complaint against the Defendants Michael Nnamdi Stewart and Mosayk, Inc. (collectively "Defendants") on May 14, 2007.

3.    The Complaint was served upon Defendant Michael Nnamdi Stewart on May 15, 2007. A copy of the Affidavit of Service is attached hereto as Exhibit A.

4.    The Complaint was served upon Defendant Mosayk, Inc. on May 21, 2007. A copy of the Affidavit of Service is attached hereto as Exhibit B.

4.    Defendants are not infants, in the military, or incompetent persons.

5.    Defendants filed a Motion for Dismissal with the Court on May 30, 2007. Judge Berman denied this motion *sua sponte* on June 1, 2007 and ordered that the parties appear at a conference before him on June 22, 2007. A copy of the Defendants' Motion for Dismissal and Judge Berman's order is attached as Exhibit C.

# EXHIBIT A

NO. 460    P.2

  **Demovsky Lawyer Service**
Premier Nationwide Document Retrieval
and Process Service Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

NEW YORK STATE DEPARTMENT OF
ECONOMIC DEVELOPMENT f/k/a
THE NEW YORK STATE DEPARTMENT
OF COMMERCE ECONOMIC DEVELOPMENT,
an official agency within the administrative offices of
the State of New York

        Plaintiff,                         Case No. 07 CV 3786
                                            (Judge Berman)

        -against-                           AFFIDAVIT OF SERVICE

MICHAEL NNAMDI STEWART,
an individual and MOSAYK, INC.,
a North Carolina Corporation.

        Defendants.
--------------------------------------------------------------X

STATE OF NORTH CAROLINA   )
        S.S.:
COUNTY OF WAKE          )

_Pauline Purvis_ , being duly sworn, deposes and says that he/she is over the age of eighteen years, is an agent of the attorney service, D.L.S., Inc., and is not a party to this action.

    That on the 15th day of May, 2007, at approximately the time of _6:42 pm_ deponent served a true copy of the SUMMONS IN A CIVIL CASE; COMPLAINT AND DEMAND FOR JURY TRIAL (WITH EXHIBIT A); INDIVIDUAL PRACTICES OF HON. RICHARD M. BERMAN; INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE GABRIEL W. GORENSTEIN; AND ELECTRONIC FILING INSTRUCTIONS upon MICHAEL NNAMDI STEWART at 4649 Vendue Range Drive, Raleigh, NC, by personally delivering and leaving the same with his girlfriend/co-tenant, _Daphnie Faulkner_ , a person of suitable age and discretion at that address, the actual place of residence. At the time of service, deponent asked whether MICHAEL NNAMDI STEWART is in active military service for the United States of America or for the State in any capacity whatever or dependent upon a person in active military service and received a negative reply.

D.L.S., Inc.
401 Broadway
Ste 510
NY, NY 10013
212-925-1220
www.dlsny.com

NO. 460    P.3



**Demovsky Lawyer Service**
Premier Nationwide Document Retrieval
and Process Service Company

Daphinie Faulkmier is a Blk Female, approximately 25-30 years of age, stands approximately 5' feet 5" 8" inches tall, weighs approximately 140 - 160 pounds with Blk hair.

PROCESS SERVER

Sworn to before me this 25 day of May, 2007

NOTARY PUBLIC

My Comm exp 1/19/2010

ALICE W. PENNY
NOTARY
PUBLIC
WAKE COUNTY, N.C.

D.L.S., Inc.
401 Broadway
Ste 510
NY, NY 10013
212-925-1220
www.dlsny.com

  **Demovsky Lawyer Service**
Premier Nationwide Document Retrieval
and Process Service Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NEW YORK STATE DEPARTMENT OF
ECONOMIC DEVELOPMENT f/k/a
THE NEW YORK STATE DEPARTMENT
OF COMMERCE ECONOMIC DEVELOPMENT,
an official agency within the administrative offices of
the State of New York

         Plaintiff,

       -against-

MICHAEL NNAMDI STEWART,
an individual and MOSAYK, INC.,
a North Carolina Corporation.

        Defendants.
-------------------------------------------------------------------X

Case No. 07 CV 3786
(Judge Berman)

AFFIDAVIT OF MAILING

STATE OF NEW YORK   )
               S.S.:
COUNTY OF NEW YORK   )

      HOWARD D. GOLDMAN, being duly sworn, deposes and says that he is over the

age of eighteen years, is an employee of the attorney service, D.L.S., Inc., and is not a party to

this action.

      That on the 25th day of May, 2007, deponent served a true copy of the SUMMONS

IN A CIVIL CASE; COMPLAINT AND DEMAND FOR JURY TRIAL (WITH EXHIBIT A);

INDIVIDUAL PRACTICES OF HON. RICHARD M. BERMAN; INDIVIDUAL PRACTICES

OF MAGISTRATE JUDGE GABRIEL W. GORENSTEIN; AND ELECTRONIC FILING

INSTRUCTIONS upon MICHAEL NNAMDI STEWART, by first class mail, by enclosing a

true copy thereof in a securely sealed and postpaid wrapper with the words "PERSONAL AND

CONFIDENTIAL" written on the same envelope, and not indicating on the outside that it is from

an attorney or concerns an action against the person to be served, and depositing the same into an

 **Demovsky Lawyer Service**
Premier Nationwide Document Retrieval
and Process Service Company

official depository maintained by the Government of the United States, City and State of New

York, addressed as follows:

MICHAEL NNAMDI STEWART
4649 Vendue Range Road
Raleigh, NC 27604

HOWARD D. GOLDMAN
#932192

Sworn to before me this
25th day of May, 2007

NOTARY PUBLIC

JONATHAN T. RIPPS
Notary Public, State of New York
NO. 01RI6109718
Qualified in Rockland County
Certificate Filed in New York County
Commission Expires May 17, 20___

# EXHIBIT B

MAY.25.2007  3:11PM  DLS, INC.                    NO.458    P.4

 **Demovsky Lawyer Service**
Premier Nationwide Document Retrieval
and Process Service Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NEW YORK STATE DEPARTMENT OF
ECONOMIC DEVELOPMENT f/k/a
THE NEW YORK STATE DEPARTMENT
OF COMMERCE ECONOMIC DEVELOPMENT,
an official agency within the administrative offices of
the State of New York

        Plaintiff,

    -against-

MICHAEL NNAMDI STEWART,
an individual and MOSAYK, INC.,
a North Carolina Corporation.

        Defendants.

------------------------------------------------------------X

Case No. 07 CV 3786
(Judge Berman)

AFFIDAVIT OF SERVICE

STATE OF NORTH CAROLINA  )
                S.S.:
COUNTY OF WAKE  )

Pauline Purvis , being duly sworn, deposes and says that he/she is over the age of eighteen years, is an agent of the attorney service, D.L.S., Inc., and is not a party to this action.

    That on the 21st day of May, 2007, at approximately the time of 12:42 pm deponent served a true copy of the SUMMONS IN A CIVIL CASE; COMPLAINT AND DEMAND FOR JURY TRIAL (WITH EXHIBIT A); INDIVIDUAL PRACTICES OF HON. RICHARD M. BERMAN; INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE GABRIEL W. GORENSTEIN; AND ELECTRONIC FILING INSTRUCTIONS upon MOSAYK, INC. c/o North Carolina Secretary of State at 2 South Salisbury Street, Raleigh, NC, by personally delivering and leaving the same with Redonno Casmon who informed deponent that holds the position of Agent with that company and is authorized by appointment to receive service at that address.

D.L.S., Inc.
401 Broadway
Ste 510
NY, NY 10013
212-925-1220
www.dlsny.com

MAY.25.2007   3:11PM   DLS, INC.                          NO.466   P.5



## Demovsky Lawyer Service
Premier Nationwide Document Retrieval
and Process Service Company

_Radonno Casmon_  is a _BIK Male_ , approximately _30_ years of age, stands approximately _5_ feet _7_ inches tall, weighs approximately _190_ pounds with _BIK_ hair.

_Pauline Purvis_
PROCESS SERVER

Sworn to before me this
_25_ day of May, 2007

_[signature]_
NOTARY PUBLIC
_my comm. exp 1/19/2010_



D.L.S., Inc.
401 Broadway
Ste 510
NY, NY 10013
212-925-1220
www.dlsny.com

# EXHIBIT C

CASE NUMBER:
07 CV 3786

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW YORK STATE DEPARTMENT OF
ECONOMIC DEVELOPMENT f/k/a THE
NEW YORK STATE DEPARTMENT OF
COMMERCE ECONOMIC
DEVELOPMENT,
an official agency within the administrative
offices of the State of New York,

       Plaintiff,

v.

MICHAEL NNAMDI STEWART, an
individual and MOSAYK. INC., a North
Carolina corporation

       Defendants,

RECEIVED
JUN 0 1 2007
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

MEMO ENDORSED

### CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been served upon the following parties in this matter (CASE NUMBER: 07 CV 3786), by U.S. First Class mail, postage prepaid, this 30th day of May 2007.

Michael Nnamdi Stewart

4649 Vendue Range Drive

Raleigh, North Carolina 27604

*Served Upon:*

New York State Department of Economi

Greenberg Traurig LLP

Attorneys for Plaintiff

200 Park Avenue, 34th Floor

New York, NY 10166



Defendant's motion to dismiss is denied without prejudice as NOT in accordance with Court Rules. Also, a corporation may NOT proceed pro se normally. Mr Stewart may wish to retain counsel +/or confer with Court Pro Se 9/1/u. Conference will be

SO ORDERED:
Dated: 6/1/07    *Richard M. Berman*
Richard M. Berman, U.S.D.J.

held on 6/22/07 @ 9:30 at 500
Pearl Street (in person).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/1/07

BEFORE JUDGE BERMAN

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NEW YORK STATE DEPARTMENT OF
ECONOMIC DEVELOPMENT f/k/a THE
NEW YORK STATE DEPARTMENT OF
COMMERCE ECONOMIC
DEVELOPMENT,
an official agency within the administrative
offices of the State of New York,

          Plaintiff,

v.

MICHAEL NNAMDI STEWART, an
individual and MOSAYK, INC., a North
Carolina corporation

          Defendants,
          **"Pro Se Defendant"**

**CIV. ACTION NO:**

# 07 CV   3786

       Defendant, Michael Nnamdi Stewart, having an address at 4649 Vendue

Range Drive, Raleigh, North Carolina 27604, is responding to New York State

Department of Economic Development (NYSDED), f/k/a the New York State

Department of Commerce, hereinafter referred to as Plaintiff, Complaint and Demand

for Jury Trial:

### MOTION FOR DISMISSAL

1. Defendant, Michael Nnamdi Stewart ("Pro Se" Defendant) in response to the New

    York State Department of Economic Development ("Plaintiff), please may the

    Court accept this written filing into the case.

2. There are no grounds for Mosayk, Inc being a named party to these proceedings:

    (a) Mosayk, Inc no longer exist in name as a corporation and,

    (b) The trademark filed for "I ♥ NC" is in Michael Nnamdi Stewart's name alone.[1]

---

[1] Trademark Applications and Registrations Retrieval (TARR) http://tarr.uspto.gov/; Input Serial Number:
78243227

BEFORE JUDGE BERMAN

3. Plaintiff is attempting to have the United States District Court Southern District of New York, overturn the decision of the Trademark Trail and Appeal Board of the United States Patent and Trademark Office (the "TTAB") to dismiss Opposition number 91162024.[2]

### GROUNDS CAPABLE OF RESOLUTION WITHOUT TRIAL

4. Plaintiff still has not established evidence ascertaining registration of their exclusive rights to the phrase and/or logo "I Love" and/or "I♥." Plaintiff could not provide such evidence because the United States Patent and Trademark Office has allowed other mark similar to the plaintiff's mark(s) to be registered prior and no unfavorable results have harmed the plaintiff's mark(s) or their financial goodwill.[3] Notably there were approvals for a Registration for I ♥ NEW YORK PIZZA, granted on December 7th, 1999 and two Principal Registrations for I ♥ SB, granted on September 27th, 2005 and November 15th, 2005.[4]

5. Defendant admits the I ♥ NY mark is synonymous with the state of New York, but plaintiff did not prove the I ♥ NC mark is synonymous with the state of New York or its program to promote travel and tourism. The plaintiff has never clearly established how these legal proceeding benefits the taxpayers of the State of New York or how the defendant is using the I ♥ NC mark to make the public believe the plaintiff's and defendant's marks are related.

---

[2] [View Attached (17 pages) Decision to Opposition No. 91162024 before Seeherman, Administrative Trademark Judge.]
[3] Registration Numbers: 2297518; 2982434; 1294522; 1828516; 2416975; 2788215; 1319495; 2321795; 2524339; 1234075, etc.
[4] Registration Numbers: 2982434; 3001095; 3014967

BEFORE JUDGE BERMAN

### GROUNDS FOR DISMISSAL OF CIVIL ACTION

6. Defendant denies the claims of "There is a Likelihood of Confusion between the Parties' Marks" because plaintiff's mark is used "ornamentally on goods." Trademark laws protect works when they are used to identify a product or service; plaintiff is trying to only protect the aesthetics of the work as if it was a copyright.

7. Defendant promotes his trademark products, so the public clearly knows the origin of the merchandise and never has the defendant associated the I ♥ NC mark with the plaintiff's mark(s).

8. Plaintiff does not own the phrase "I LOVE," which no entity solely possesses or should ever be able to own because it is *public domain* and the First Amendment protects the right to parody.[5]

9. Plaintiff should abandon all notions of:

    a.   Trademark infringement,

    b.   Trademark dilution,

    c.   Common law trademark infringement,

    d.   Common law unfair competition;

10. Plaintiff's complaint is an effort to needlessly protect their mark(s) from a non-competitor, trying to force the United States District Court Southern District of New York, to set a precedent in overturning the Trademark Trail and Appeal Board of the United States Patent and Trademark Office's ruling without cause.

---

[5] "BRAND BATTLES: New York ♥ It's Trademark" from Business Week Magazine, July 2005.
Link: http://www.businessweek.com/magazine/content/05_29/c3943008_mz003.htm

BEFORE JUDGE BERMAN

## **DEMAND FOR DIRECT VERDICT**

11. WEREFORE, Defendant request that this Court upholds the Trademark Trail and
Appeal Board of the United States Patent and Trademark Office's judgement to
"DISMISS" opposition number 91162024 and denying the Plaintiff from any and
all course(s) for dispute, jury trial, and claims for relief.[6]

Respectfully Submitted,

Dated: May 30, 2007

Michael Nnamdi Stewart
Citizen of the United States of America

---

[6] http://ttabvue.uspto.gov/ttabvue/

Exhibit F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
NEW YORK STATE DEPARTMENT OF
ECONOMIC DEVELOPMENT f/k/a THE NEW
YORK STATE DEPARTMENT OF COMMERCE
ECONOMIC DEVELOPMENT,                                    **07 Civ. 03786 (RMB)**
an official agency within the administrative offices
of the State of New York,                                                **CLERK'S CERTIFICATE**

                                             Plaintiff,

                    - against -

MICHAEL NNAMDI STEWART, an individual
and MOSAYK, INC., a North Carolina corporation

                                             Defendants.
-----------------------------------------------------------------x

    I, J. MICHAEL MCMAHON, Clerk of the United States District Court for

the Southern District of New York, do hereby certify that this action commenced on May 14, 2007

with the filing of a summons and complaint, a copy of the summons and complaint was served

on defendants by personally delivering and leaving a copy at the residence of MICHAEL

NNAMDI STEWART with his girlfriend/co-tenant, Daphinie Faulkner, who accepted service and

by sending another copy via first class mail to the same residence and by personally delivering

and leaving a copy with the Agent of MOSAYK, INC., Redonno Casmon, at the North Carolina

Secretary of State, and proof of such service thereof was filed on May 29, 2007.

    I further certify that the docket entries indicate that the defendant has not filed an

answer or otherwise moved with respect to the complaint herein. The default of the defendant is

hereby noted.

Dated: New York, New York

7/2/07

**J. MICHAEL MCMAHON**
Clerk of the Court

By: _____
Deputy Clerk