USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 9/26/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEW YORK STATE DEPARTMENT OF : CIV. ACTION NO.:
ECONOMIC DEVELOPMENT f/k/a THE :
NEW YORK STATE DEPARTMENT OF : 07 CV 3786 (RMB)
COMMERCE ECONOMIC :
DEVELOPMENT, :
an official agency within the administrative :
offices of the State of New York, : NOTICE OF DISMISSAL OF
: DEFENDANT MOSAYK, INC.
Plaintiff, :
:
v. :
:
MICHAEL NNAMDI STEWART, an :
individual and MOSAYK, INC., a North :
Carolina corporation :
:
Defendants. :

---

**PLEASE TAKE NOTICE** that pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, Plaintiff New York State Department of Economic Development hereby dismisses its Complaint with prejudice with respect to Defendant Mosayk, Inc. *Any pending motions dismissed as moot.*

Dated: New York, NY
August 21, 2007

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____
G. Roxanne Elings (GE 8321)
Daniel Schloss (DS 7373)
David Saenz (DS 1976)
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
*Attorneys for Plaintiff New York State Department of Economic Development*

SO ORDERED

Dated: RMB 9/25/07

By: RMB
Honorable Richard M. Berman
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT f/k/a THE NEW YORK STATE DEPARTMENT OF COMMERCE ECONOMIC DEVELOPMENT, an official agency within the administrative offices of the State of New York,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL NNAMDI STEWART, an individual and MOSAYK, INC., a North Carolina corporation<br><br>Defendants. | CIV. ACTION NO.:<br><br>07 CV 3786 (RMB)<br><br>STIPULATED PERMANENT INJUNCTION AND FINAL JUDGMENT ON CONSENT AND [~~PROPOSED~~] ORDER AS TO MICHAEL NNAMDI STEWART  |

Plaintiff New York State Department of Economic Development ("NYSDED"), having commenced this action for an injunction and other relief, against Defendant Michael Nnamdi Stewart ("Stewart") pursuant to the Lanham Act and under the laws of the State of New York, for, among others, the reasons that (1) NYSDED seeks an Order of the Court dismissing Stewart's U.S. Trademark Application Serial No. 78243227; and (2) Defendants are alleged to be manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling goods bearing marks that infringe NYSDED's federally registered and common law trademarks as described and defined in the Complaint (the "NYSDED Marks"); and

NYSDED and Stewart (collectively the "Parties") having entered into a Settlement Agreement and having stipulated to entry of a Permanent Injunction and Final Judgment; and

The Parties having indicated below their consent to the form and entry of this Permanent Injunction and Final Judgment on Consent

IT IS HEREBY ORDERED that Stewart shall permanently abandon United States Trademark Application Serial No. 7824322; and

IT IS FURTHER ORDERED that Stewart and any of his agents, employees, representatives, successors, assignees, wholly or partially owned companies and subsidiaries, including past, current or future companies, or affiliates are permanently enjoined from:

a) using in any manner the Infringing Mark that is the basis of this action and identified in NYSDED's complaint, or any portion thereof (the "Infringing Mark"), or any other trademark that, alone or in combination with any word or words, is likely to cause confusion, deception, or mistake in connection with the NYSDED Marks, or the advertising, offering for sale, or sale of any product not NYSDED's, or not authorized by NYSDED to be sold in connection with each of the NYSDED Marks;

b) applying to register the Infringing Mark, or any portion thereof, or any other trademark that, alone or in combination with any word or words, is likely to cause confusion, deception, or mistake in connection with the NYSDED Marks; and

c) passing off, inducing, or enabling others to sell or pass off any product as and for products produced by NYSDED, not NYSDED's, or not produced under the control and supervision of NYSDED and approved by NYSDED for sale under the NYSDED Marks, including but not limited to offering for sale or selling products under the Infringing Mark;

d) committing any acts that cause purchasers to believe that products bearing the Infringing Mark are those sold under the control and supervision of NYSDED, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of NYSDED, including but not limited to offering for sale or selling products under the Infringing Mark;

e) diluting and infringing any and all of the NYSDED Marks and damaging NYSDED's goodwill, including but not limited to offering for sale or selling products under the Infringing Mark;

    f)    manufacturing, importing, advertising, shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for NYSDED, nor authorized by NYSDED to be sold or offered for sale, and which bear any of the Infringing Mark, or any other marks likely to cause confusion with the NYSDED Marks;

    g)    otherwise competing unfairly with NYSDED or any of its authorized licensees in any manner; and

    h)    from assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (g); and

IT IS FURTHER ORDERED that counsel for NYSDED may indicate NYSDED's consent to the terms of this Permanent Injunction and Final Judgment by signing multiple counterparts, and that a faxed signature shall be deemed an original signature; and

IT IS FINALLY ORDERED that this Court has jurisdiction over the parties, and the subject matter of the action. This Court shall retain jurisdiction to the extent necessary to enforce this Permanent Injunction and Final Judgment and the Settlement Agreement between NYSDED and Stewart, which is hereby made a part hereof and incorporated by reference, and to determine any issues that may arise under either.

| | |
|---|---|
| **CONSENTED TO BY NEW YORK DEPARTMENT OF ECONOMIC DEVELOPMENT** <br><br> Dated: 8/22/2007 | By: _/s/_ <br> G. Roxanne Elings (GE 8321) <br> Daniel I. Schloss (DS 7373) <br> David Saenz (DS 1976) <br> Greenberg Traurig LLP <br> MetLife Building <br> 200 Park Avenue, 34th Floor <br> New York, NY 10166 <br> Tel: (212) 801-9200 <br> Fax: (212) 801-6400 |
| **CONSENTED TO BY MICHAEL NNAMDI STEWART** <br><br> Dated: 8/21/07 | By: _/s/_ <br> Michael Nnamdi Stewart <br> 4649 Vendue Range Drive <br> Raleigh, NC 27604 <br> Tel: (919) 855-8340 |
| **SO ORDERED** <br><br> Dated: 9/25/07 | By: _RMB_ <br> Honorable Richard M. Berman <br> UNITED STATES DISTRICT JUDGE |

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/26/07
```